UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN EDIN,

            Plaintiff,

                                          **Hon. Hugh B. Scott**

      v.

                                          02CV572

                                          **Report**
                                            **&**
GOODYEAR TIRE & RUBBER                   **Recommendation**
COMPANY,
AKROCHEM CORPORATION,
WELCO EQUIPMENT, LLC,

            Defendants,

WELCO EQUIPMENT, LLC,

            Third-Party Plaintiff,

     v.

INTERNATIONAL FIBERS, LTD.,

            Third-Party Defendant.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is defendant Akrochem Corporation's ("AC" or "Akrochem") motion (Docket No. 75) for summary judgment and defendant Goodyear Tire & Rubber Company's ("Goodyear") motion for summary judgment (Docket No. 94).

**BACKGROUND**

This is a removed diversity action (see Docket No. 1) arising from an accident to plaintiff Shawn Edin ("plaintiff"), an employee of Third-Party Defendant International Fiber ("IF" or "International Fiber"), at its Niagara Falls, New York, plant. Prior to the July 9, 1999, accident, AC contracted with IF to purchase rag dust product produced by IF. (Docket No. 1, Ex. A, Compl. ¶ 8 ("Compl.")[1]. IF, allegedly at the request of Goodyear and AC, purchased collapsible plastic bins to package the rag dust product (Compl. ¶10). After use, Goodyear stored the empty bins outside and returned them to IF for re-use by IF and AC (id. ¶ 12). Plaintiff alleges that Goodyear and AC negligently stored these bins, resulting in water accumulating in them (id. ¶ 14), and returning bins containing water to IF (see id. ¶ 15). Plaintiff alleges that AC and Goodyear were responsible for water accumulating from these bins onto IF's loading dock floor (id. ¶ 15).

On July 9, 1999, plaintiff lost control of the forklift he was driving, allegedly due to the water on the floor. Plaintiff, not wearing a seat belt, slid from the forklift seat and he extended his left arm to brace himself (AC Statement ¶¶ 3, 4). While so doing, plaintiff's left hand was crushed between the forklift and the building, allegedly causing permanent damage. (Compl. ¶ 17.) According to AC, plaintiff could not confirm the presence of water on the floor at the accident site (AC Statement ¶ 5).

---

[1]The factual allegations are taken from the Complaint, the Statement Pursuant to Rule 56.1 of AC, Docket No. 77 ("AC Statement"), the Counter-Statements of Facts of IF, Docket Nos. 87, 111, the Statement of Material Facts of Goodyear, Docket No. 97, and the Counter-Statement of Facts of plaintiff, Docket No. 114.
   This Court also rendered a Report & Recommendation on Nissan North America, Inc., and Nissan Motor Co. Ltd. motion for summary judgment, Docket No. 50, adopted by Docket No. 52, familiarity of which is presumed.

*Pleadings*

The Complaint in this action was filed in New York State Supreme Court. Plaintiff alleges five causes of action. The first cause of action, outlined above, alleges negligence by defendants AC and Goodyear. The second cause of action alleges negligence by defendant Welco Equipment, LLC ("Welco"), for negligently inspecting IF's forklift (id. ¶¶ 19-24). The third, fourth, and fifth causes of action were alleged against Nissan Motor Company and Nissan North America (id. ¶¶ 25-51) for negligence, strict liability, and breach of warranty for their alleged forklift.

Defendants AC, Welco, and Goodyear separately answered. (See Docket No. 78, AC Atty. Aff. ¶¶ 3-6, Exs. B, C.) Goodyear asserts cross-claims against all co-defendants for contribution and indemnification for the co-defendants' respective negligence and separately against AC for indemnification under its contract with AC to supply cotton flock. (Docket No. 78, Ex. C, Goodyear Ans. ¶¶ 15, 16-17.) AC also asserts cross-claims against the co-defendants for indemnification for their respective negligence. (Id. Ex. B, AC Ans. ¶ 14.) Defendant Nissan North America, Inc., removed this action to this Court (Docket No. 1), and answered (Docket No. 3).

*Subsequent Proceedings*

Defendants Nissan Motor Company Ltd. and Nissan North America, Inc., moved for summary judgment (Docket No. 41) which was granted (Docket Nos. 50 (Report & Recommendation), 52 (Order adopting Report & Recommendation)).

Welco served a Third-Party Complaint against IF, plaintiff's employer (Docket No. 59, July 19, 2004, see Docket No. 62, Amended Third-Party Compl., Sept. 17, 2004), which IF

3

answered on November 19, 2004 (Docket No. 66), asserting cross-claims for indemnification against the defendants (id. at 5). AC replied to IF's cross-claim with a general denial (Docket No. 72). Under the current scheduling Order (Docket No. 90, Feb. 1, 2005), dispositive motions are due August 1, 2005.

*Pending Motions*

On January 7, 2005, AC moved for summary judgment on plaintiff's first cause of action against it and against the pending cross-claims (Docket No. 75). This Court scheduled responses to AC's motion to be filed by January 31, 2005, replies (if any) by February 14, 2005. The motion was scheduled for argument on February 25, 2005. (Docket No. 85; see Docket No. 122.)

IF filed opposition papers to AC's motion (Docket Nos. 86-89), asserting that IF required discovery in order to oppose AC's motion and thus the motion should be denied under Rule 56(f) (Docket No. 86, IF Memo. of Law at 2). AC filed its reply on February 14, 2005 (Docket Nos. 101-02). There, AC argues that IF lacks standing to oppose AC's motion since AC did not assert a claim against Third-Party Defendant IF (Docket No. 101, Reply Aff. ¶ 3). Plaintiff filed an Affidavit (Docket No. 89, Jan. 31, 2005), and a Supplemental Affidavit (Docket No. 93) on February 2, 2005, two days after the deadline for responses. In these responses, plaintiff argues that there is a material issue of fact whether water was present on the floor the day of the accident, creating the defective condition. (Docket No. 89, ¶¶ 5-6, 10; Docket No. 93, ¶¶ 3-6.)

Goodyear then filed its motion for summary judgment (Docket No. 94, Feb. 3, 2005). Responses to Goodyear's motion were due by February 22, 2005, with argument also set for February 25, 2005 (Docket No. 100). IF (Docket Nos. 108-11) and plaintiff (Docket Nos. 113-

17) separately responded to Goodyear's motion. IF agreed with Goodyear on dismissal based upon plaintiff's inability to establish whether there was water on the floor that caused the accident (see Docket No. 109, Atty. Aff. ¶¶ 2, 3), but opposes Goodyear on other grounds asserted by Goodyear. On the other grounds, IF repeats its argument that it needs discovery (id. ¶ 4), in particular whether the wet bin issue was discussed at Goodyear (id. ¶ 8), and that there are issues of fact. IF claims that Goodyear owes IF, as well as plaintiff, a duty regarding hazardous conditions and had notice of the condition (id. ¶ 11). IF points to issues of fact as to how the bins became wet, whether Goodyear had notice of the condition, and whether Goodyear could have remedied the condition by exercise of reasonable care (Docket No. 110, IF Memo. at 7).

Plaintiff points to his pending motion to compel (Docket No. 106[2]) and argues that summary judgment is premature under Rule 56(f) (see Docket No. 113, Pl. Atty. Aff. ¶¶ 8-18; Docket No. 117, Pl. Aff. ¶ 3 (arguing for discovery before ruling on summary judgment motion)). He reiterates that he has presented proof of water being on the floor the day of the accident (Docket No. 113, Pl. Atty. Aff. ¶¶ 19-21, Ex. C[3]). Plaintiff concludes that he has presented circumstantial evidence of water being on the floor and coming from the bins when

---

[2] Opposition responses to this motion are due by March 11, 2005, with any reply due by March 18. This motion is scheduled for argument on March 24, 2005. Docket No. 107.

[3] But cf. Docket No. 117, Pl. Aff. ¶ 2, which presents hearsay reports that other, unnamed persons have told him of past instances of forklift accidents from slipping in water on loading dock floors and that plaintiff heard of similar complaints in grievances. Rule 56(e) requires supporting and opposing affidavits to a summary judgment motion be made on personal knowledge and set forth facts "as would be admissible in evidence." This hearsay may not be admissible.

stored outside by Goodyear prior to shipment to IF (Docket No. 115, Pl. Memo. at 2), or, at a minimum, a question of fact exists on this point (id. at 6).

To date, Welco[4] and IF have not made a dispositive motion.

## DISCUSSION

I.    Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). "'The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant'." Ford, supra, 316 F.3d at 354 (quoting Marvel Characters v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must

---

[4]At argument of AC and Goodyear's motions, Welco stated its opposition to summary judgment, relying upon the opposition papers of plaintiff and IF.

come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters, supra, 310 F.3d at 285-86.

A motion for summary judgment before discovery has even begun has been found by courts in some situations to be premature. See Wait v. Beck's North Am., Inc., 241 F. Supp. 2d 172, 176 (N.D.N.Y. 2003); Whiting v. Maiolini, 821 F.2d 5, 7 (1st Cir. 1991) (disfavoring summary judgment motions where "discovery has barely begun"). Rule 56(f) recognizes this by allowing the opponent to a summary judgment motion to respond by affidavit stating her inability to refute the allegations supporting the motion. The relevant test in this Circuit for granting a Rule 56(f) responding motion is "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)); Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994); Antonio A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc., 100 F. Supp. 2d 178, 185 (S.D.N.Y. 2000). Since it has not conducted discovery yet, IF concludes that it cannot state all the facts that support its opposition to AC's motion. See Fed. R. Civ. P. 56(f).

This accident occurred in New York and, as a diversity action, New York tort law applies. In a diversity jurisdiction action, this Court initially must apply the substantive law of our forum state (New York), see <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938), including its choice of law regime, <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941). It is undisputed that New York law applies since this is the situs of the accident. (<u>See</u> Docket No. 76, AC Memo. of Law; Docket No. 98, Goodyear Memo. of Law.)

II.     Akrochem and Goodyear's Motions for Summary Judgment

Akrochem argues that plaintiff is unable to establish that water from the bins caused the forklift to skid or that Akrochem had notice of the problem. (Docket No. 76, AC Memo. of Law at 1-2.) Akrochem claims that plaintiff fails to establish causation, hence his negligence claims fail. As a distributor of the rag dust product but not the bins, AC lacked control over third persons' use of the bins to make it responsible for their handling. (<u>Id.</u> at third unnumbered page.) Akrochem asserts that there was no notice (actual or constructive) of AC creating a dangerous condition. (<u>Id.</u> at fourth unnumbered page.)

Goodyear also adopts AC's arguments that plaintiff has failed to establish evidence of the causation of the accident, especially that water (from bins under Goodyear's control) caused the skidding. Goodyear agues that it also had no duty to plaintiff and that it lacked notice of the dangerous condition at IF's loading dock. Goodyear claims that it served initial disclosure and answered interrogatories (but had not been deposed), hence, further discovery as sought by plaintiff is unnecessary and will not reveal evidence of a material issue of fact to preclude summary judgment.

Plaintiff contends that there is a issue of material fact whether there was water on the floor that caused the forklift to skid. (Docket No. 89, ¶¶ 5-9, Exs. A, B.) As for prior notice of the dangerous condition, plaintiff argues that defendants were responsible for the bins and were aware of water collecting in them. (Id. ¶¶ 11-22.)

The record in this case shows material issues of fact that preclude summary judgment at this time. A major source of issues is the cause of the skid of the forklift plaintiff was driving, in particular whether water was on the loading dock floor. Plaintiff's testimony, while equivocal on the point, is supported by accident scene photographs which depict water on the floor (Docket No. 113, Pl. Atty. Aff., Ex. D). Movants only argue that plaintiff's theory is speculative (Docket No. 76, AC Memo. at 2, Docket No. 101, AC Atty. Reply Aff. at ¶¶ 6-13; No. 98, Goodyear Memo. at 9). At oral argument the parties dispute whether the police report from the North Tonawanda Police (which investigated the accident) and the internal investigation report from IF noted whether water was on the floor or in the forklift's path or not (compare Docket No. 89, Pl. Atty. Aff. ¶ 7, Ex. B; Docket No. 113, Pl. Atty. Aff. ¶¶ 32-34, with Docket No. 101, AC Atty. Reply Aff. Ex. P, Q).

Another issue is the source of water being from the bins brokered by AC and kept by Goodyear. Whether that water was the proximate cause of plaintiff's accident (by causing the skid) or whether some other cause intervened (such as plaintiff not wearing a seatbelt while in the forklift, for example) is another material issue. Whether AC or Goodyear had notice of the dangerous condition on IF's loading dock from the presence of the bins containing water and which party (AC, Goodyear, or some other party) was responsible for the condition of the bins are two other issues.

9

Therefore, defendant Akrochem and Goodyear's motions for summary judgment should be **denied**.

III.    Rule 56(f) Discovery and Third-Party Defendant

International Fiber argues that it was joined in this action late and needs discovery to oppose AC's motion (Docket No. 86). AC replies that it does not assert a claim against IF, therefore IF lacks standing to oppose AC's motion. (Docket No. 101, AC Reply Aff. ¶ 3.) But IF's answer asserts a cross-claim against defendants, including AC, for indemnification. Plaintiff has responded that he also needs further discovery before he can respond to AC or Goodyear's motions (Docket No. 89, Pl. Atty. Aff. ¶¶ 26, 27-30 (response to Akrochem's motion); Docket No. 113, Pl. Atty. Aff. ¶¶ 8-18; Docket No. 117, Pl. Aff. ¶ 3 (response to Goodyear's motion)), moving to compel discovery from Goodyear, Welco and IF (Docket No. 106).

As for the first element under Rule 56(f) of what facts are sought to resist the motion and how they are to be obtained, both plaintiff and IF seek discovery from Goodyear and AC to establish its notice of the conditions at IF. On the second element of how those facts are reasonably expected to create a genuine issue of material fact, see Granito v. Tiska, 181 F. Supp. 2d 106, 112 (N.D.N.Y. 2001), IF argues that AC's notice of the water condition in the bins (and presumably on IF's floor) is a material issue of fact (see Docket No. 86, IF Memo. of Law at 3), as plaintiff now argues (see Docket No. 113, Pl. Atty. Aff. ¶¶ 19-35). On the third element of what effort affiant has made to obtain them, and on the fourth element, why the affiant was unsuccessful in those efforts, IF notes that it just joined this action and had sought jointly with the other parties an extension of the Scheduling Order (see Docket No. 90, Scheduling Order at 1, noting that IF sought five months to conduct and complete its discovery; Docket No. 86, IF

Case 1:02-cv-00572-RJA-HBS   Document 128   Filed 03/08/05   Page 11 of 12

Memo. of Law at 2-3). Plaintiff outlines his efforts to conduct discovery from Goodyear that it allegedly ignored until filing this motion for summary judgment. (Docket No. 115, Pl. Memo. at 3-4.)

Given the recommendation to deny movants' summary judgment motions (as well as plaintiff's pending motion to compel[5]), summary judgment should be denied on the alternative grounds of the need of IF and plaintiff to complete their respective discovery under Rule 56(f). This recommendation makes no determination on that pending motion to compel (or any proposed motions seeking similar relief).

## CONCLUSION

Based upon the above, it is recommended that defendant Akrochem Corporation's motion (Docket No. 75) summary judgment be **denied** and defendant Goodyear Tire & Rubber Company's motion (Docket No. 94) for summary judgment be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation**

---

[5] Docket No. 106. At oral argument, IF stated that it also intended to move to compel as to seek an extension of the Scheduling Order to allow it to complete its discovery. Alternatively, IF proposed to enter into a stipulation with the other parties as to the extension of discovery. If International Fibers filed its motion, the Court set forth a filing and briefing schedule: such a motion is to be filed by March 2, 2005; responses are due by March 15, 2005, and argument would be on March 17, 2005, at 3:30 pm. IF submitted a proposed amended Scheduling Order agreed to by all parties. The Court will deal with that proposed Order separately.

in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

s/HBS<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
       March 8, 2005