UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN EDIN,

                              Plaintiff,


                                                              **Hon. Hugh B. Scott**

                    v.                                         02CV572A

                                                                  **Order**

GOODYEAR TIRE & RUBBER COMPANY,
AKROCHEM CORPORATION,
WELCO EQUIPMENT, LLC,

                         Defendants,


WELCO EQUIPMENT, LLC,

                    Third-Party Plaintiff,

          v.

 INTERNATIONAL FIBER CORPORATION,


                    Third-Party Defendant.


          This case was referred to the undersigned for disposition of pretrial motions on

October 9, 2002 (Docket No. 7).  Before the Court is the renewed discovery motion of third-party

defendant International Fiber Corporation ("IF") to compel production from plaintiff (Docket

No. 149, see Docket No. 131 (original cross-motion); Docket No. 144 (order scheduling renewed

motion)).

# BACKGROUND[1]

This is a removed diversity action (see Docket No. 1) arising from a July 1999 accident by plaintiff Shawn Edin ("plaintiff"), an employee of third-party defendant IF at its Niagara Falls, New York, plant. Akrochem Corporation ("AC") contracted with IF to purchase rag dust product produced by IF. (Docket No. 1, Ex. A, Compl. ¶ 8 ("Compl.")). IF, allegedly at the request of Goodyear and AC, purchased collapsible plastic bins to package the rag dust product (Compl. ¶10). After use, Goodyear stored the empty bins outside and returned them to IF for re-use by IF and AC (id. ¶ 12). Plaintiff alleges that Goodyear and AC negligently stored these bins, resulting in water accumulating in them (id. ¶ 14), and returning bins containing water to IF (see id. ¶ 15). Plaintiff alleges that AC and Goodyear were responsible for water accumulating from these bins onto IF's loading dock floor (id. ¶ 15).

On July 9, 1999, plaintiff lost control of the forklift he was driving on IF's loading dock floor, allegedly due to the water on the floor. Plaintiff slid from the forklift seat and he extended his left arm to brace himself (Docket No. 77, AC Statement ¶¶ 3, 4). While so doing, plaintiff's left hand was crushed between the forklift and the building, allegedly causing permanent damage. (Compl. ¶ 17.) Plaintiff also alleges emotional injuries with the physical pain and suffering and other damages claimed (e.g., id. ¶¶ 18, 24).

---

[1]Previously, this Court has rendered two Reports & Recommendations in this case, Docket Nos. 50 (regarding dismissing claims against Nissan Motor Company Ltd. and Nissan North America, Inc.), adopted by Docket No. 52, 128 (regarding dismissing claims against Goodyear and Akrochem Corporation), objections pending, and a Decision and Order disposing various discovery motions, Docket No. 141. Familiarity with the latter Report & Recommendation and that Order is presumed.

*Pending Motion*

Plaintiff first filed a motion for a protective order on March 2, 2005 (Docket No. 123), to prevent producing his mental health records, counseling records, foster care records up to age 18. IF seeks authorizations on these areas.  Discussion of plaintiff's mental health history arose from defendants' deposition of plaintiff, in which plaintiff's counsel allowed questions about plaintiff's mental health history for only last three years (from age 18 to 21).  Plaintiff objected to producing his pre-18 years old mental history.  Plaintiff himself submitted a reply affidavit (Docket No. 138) briefly outlining his foster care and mental health history.

IF cross-moved, on March 17, 2005, to compel plaintiff to produce records of medical treatment, psychological and psychiatric treatment, treatment for drug abuse or addiction, and to respond to omnibus discovery requests and interrogatories (Docket No. 131, Aff. Ex. J (mainly obtaining medical authorizations, medical records)).  At argument on June 28, 2005 (<u>see</u> Docket No. 153), IF contends that it seeks authorizations to release plaintiff's mental health treatment and counseling and his foster care.  It now seeks an order declaring its entitlement to those releases, leaving for a future date questions about the scope of disclosure from these treating sources.

On March 25, 2005, IF wrote to the Court that "the third-party defendant, International Fiber Corporation, hereby withdraws its motion to compel interrogatory and discovery responses from the plaintiff as well as medical authorizations which are the subject of the plaintiff's motion for a protective order."  The Court, however, construed this letter as a total withdrawal of the cross-motion.  The Court later determined that argument was unnecessary for the other, pending discovery motions and deemed these motions submitted on March 23, 2005 (Docket No. 140),

and then rendered a Decision and Order (Docket No. 141) in which plaintiff's motion to compel

from defendant Goodyear Tire & Rubber Company (Docket No. 106) was granted and plaintiff's

motion for a protective order (Docket No. 123) was denied as moot.

At a conference following this Order, on April 14, 2005, IF stated that it intended to

renew its motion to pursue production of authorizations of the areas governed by plaintiff's

motion for a protective order (see Docket No. 142).  The Court granted IF leave to renew its

motion and for IF and plaintiff to rely upon its submitted responses (see Docket Nos. 132, 127).

IF renewed its present motion (Docket No. 149).  The Court then scheduled any additional

replies to be due by June 14, 2005, and oral argument for June 28, 2005 (the same time as the

previously scheduled further pretrial conference) (Docket Nos. 151, 153).

## DISCUSSION

I.      Standard

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order

compelling discovery, with that motion including a certification that the movant in good faith

conferred or attempted to confer with the party not making the disclosure to secure that

disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Imposition of Rule 37(d)

sanctions for failure to comply with discovery demands must be weighed in light of the full

record.  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068

(2d Cir. 1979).  Rule 37(d) calls upon the Court to make such orders in regard to disclosure

failures as are just.  This Court has wide discretion to impose sanctions and determine the type of

sanction to be imposed under Rule 37(d).  See Reilly v. NatWest Markets Group Inc., 181 F.3d

253, 267 (2d Cir. 1999).  The rule lists various sanctions including preclusion or dismissal of

claims.  Fed. R. Civ. P. 37(d), (b)(2)(B) (refusing to allow disobedient party to support claim or

defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness, as

well as payment of opponent's reasonable expenses, and attorneys' fees).  Procedurally, under

Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to make a statement of

good faith efforts made to resolve a discovery dispute before making motions to compel.

>   Under Rule 37(a)(4), if the motion to compel is granted, the Court

>   "<u>shall</u>, after affording an opportunity to be heard, require the party or deponent
>   whose conduct necessitated the motion or the party or attorney advising such
>   conduct or both of them to pay to the moving party the <u>reasonable expenses
>   incurred in making the motion</u>, . . ., unless the court finds that the motion was
>   filed without the movant's first making a good faith effort to obtain the discovery
>   or disclosure without court action, or that the opposing party's nondisclosure,
>   response, or objection was substantially justified, or that other circumstances
>   make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added).

II.     International Fiber's Motion to Compel

        Here, IF seeks a motion to compel production of authorizations from plaintiff regarding

his mental health history and boyhood foster care.  Plaintiff initially moved (Docket No. 123) for

a protective order against disclosure of his pre-accident mental history (including his foster care

history).  He then submitted an affidavit (Docket No. 138) describing his foster care (<u>id.</u> Pl. Aff.

¶¶ 2-4) and such of his youth mental health history that he was aware of (<u>id.</u> ¶¶ 4-6, 10-11).  The

Court denied plaintiff's motion for a protective order as moot (Docket No. 141).  But that

description did not disclose the names of treating professionals or provide documentation of that

treatment sought by IF.

Plaintiff claims emotional injuries arising from this accident (see Compl. ¶¶ 18, 24) and IF should be allowed to discover plaintiff's prior condition as the backdrop to his present claimed injuries. Therefore, IF's renewed motion (Docket No. 149) is **granted**.

III.     Attorneys' Fee and Reasonable Expenses Award

Under Rule 37(a)(4), if IF's motion to compel is granted, then it recovers from opposing party the plaintiff its reasonable expenses in making the motion. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).

Here, IF's motion to compel was granted and IF outlined in its papers (Docket No. 131, Atty. Aff. ¶¶ 17-18) its efforts to obtain this discovery short of motion practice. IF is entitled to recover its motion expenses.

## CONCLUSION

For the reasons stated above, third-party defendant International Fiber, Ltd.'s, cross-motion to compel plaintiff to produce discovery materials (Docket No. 131, renewed Docket No. 149) is **granted**. Within ten (10) days of entry of this Order, International Fiber shall file an affidavit of its reasonable motion expenses related to this cross-motion to compel. Any response

to this affidavit shall be filed within five (5) days of filing of that affidavit and International

Fiber's motion cost application then shall be deemed submitted.

      So Ordered.

_____s/HBS_____

Hon. Hugh B. Scott

United States Magistrate Judge

Dated: Buffalo, New York
      June 30, 2005